UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

MARK BROWN,

                     Petitioner,
   v.
                                                       9:17-CV-0779
                                                           (DNH/TWD)
P. CHAPPIUS, JR.,
Superintendent,

                     Respondent.
―――――――――――――――――――――――――――――

APPEARANCES:                                               OF COUNSEL:

MARK BROWN
11-A-3283
Petitioner, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

In July 2017, petitioner Mark Brown ("Brown" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with supporting exhibits consisting of certain state court records.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits.

Currently pending is respondent Superintendent P. Chappius, Jr.'s ("respondent") letter motion seeking to transfer this case to the United States Court of Appeals for the Second Circuit as a second or successive petition pursuant to 28 U.S.C. § 2244(b).  Dkt. No. 17, Letter Motion.  For the reasons that follow, respondent's motion is granted and the

petition is transferred to the Second Circuit.

## II. DISCUSSION

### A. The Petition

Brown challenges a July 14, 2011 conviction in the Schenectady County Court of attempted second degree robbery. Pet. at 1.[1] Petitioner asserts that on December 13, 2012 the New York State Supreme Court, Appellate Division, Third Department, affirmed this judgment of conviction; that on July 16, 2013 the New York Court of Appeals denied him leave to appeal; and that on January 13, 2014 the United States Supreme Court denied his petition for a writ of certiorari. *Id.* at 2-3; *accord, People v. Brown*, 101 A.D.3d 1267 (3d Dep't 2012), *lv. denied*, 21 N.Y.3d 1014 (2013), *cert. denied*, 134 S. Ct. 938 (2014).

Brown argues that he is entitled to habeas relief because (1) he was coerced to plead guilty and (2) the Schenectady County Court "reinstated and preserved" his right to appeal, despite his earlier waiver of the right to appeal, when it imposed a sentence outside of his "plea bargain guidelines." Pet. at 5-7. Petitioner asserts in his pending petition that he has not previously filed any type of petition, application, or motion in federal court regarding the conviction he is now challenging. *Id.* at 12.

### B. Petitioner's Prior Habeas Petition

On or about March 10, 2014, Brown filed a petition pursuant to 28 U.S.C. § 2254 in this Court, challenging the same conviction at issue in his current petition. *Brown v. Racette*, No. 9:14-CV-0262 (TJM), Dkt. No. 1, Petition.

On April 29, 2015, Senior United States District Court Judge Thomas J. McAvoy

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

issued a Decision and Order denying and dismissing the petition. *Id.* at Dkt. No. 9. Judge McAvoy concluded that (1) Brown's claim that his waiver of the right to appeal was invalid was based on state law and did not entitle him to federal habeas relief; (2) petitioner's claim that his legal sentence was nevertheless harsh and severe was not cognizable; and (3) the Appellate Division's decision finding that petitioner was advised that sentencing could proceed in his absence, and of the potential sentence he faced if he failed to appear at sentencing, was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *Id.*

### C. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.

It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. §§ 2244(b)(1)-(3). *See* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549

U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).

Upon review, Brown's current petition is successive because he is challenging the same judgment of conviction that he challenged in his previous habeas petition, and his first petition was denied and dismissed on the merits in 2015. *Brown*, No. 9:14-CV-0262. Moreover, there is no basis for concluding that petitioner could not have raised in his previous petition the grounds for relief asserted in this petition.[2]

Where, as here, a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52. Accordingly, Brown's petition will be transferred to the Second Circuit for review.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Respondent's letter motion to transfer this action to the United States Court of Appeals for the Second Circuit (Dkt. No. 17) is **GRANTED**;

2. The Clerk of the Court shall transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28

---

[2] Indeed, in his current petition, petitioner states that he informed appellate counsel of the basis for his claim that his plea was coerced, but that counsel failed to raise it. Pet. at 5-6. The factual predicates for petitioner's current claims were plainly known to him not only at the time he filed his first habeas petition, but at the time that he pursued his direct appeal in state court.

U.S.C. §2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and

    3. The Clerk shall serve a copy of this Order on petitioner in accordance with the Local Rules.

    IT IS SO ORDERED.

Dated: January 9, 2018
       Utica, New York.

_____
United States District Judge